IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA**

v.

**JABULANI ABDU MAITLAND,**

    **Defendant.**

CRIMINAL ACTION NO. 4:20-cr-24

*MEMORANDUM OPINION AND ORDER*

Before the Court is Jabulani Abdu Maitland's ("Petitioner") Motion to Review the Magistrate Judge's Order of Detention and Supplemental Motion to Review the Magistrate Judge's Order of Detention. ECF Nos. 14, 22. For the following reasons, Petitioner's Motions are **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

In the instant case, Defendant is facing a single count of Possession with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. 841(a)(1). *See* ECF No. 17. On February 20, 2020, Magistrate Judge Robert J. Krask held a detention hearing and issued an Order of Detention. ECF No. 12. On February 28, 2020, Defendant filed his Motion to Review the Magistrate Judge's Order of Detention. ECF No. 14. On March 8, 2020 the Government responded in opposition. ECF No. 16. On April 9, 2020, Defendant filed his Supplemental Motion to Review the Magistrate Judge's Order of Detention in light of the COVID-19 pandemic. ECF No. 22. On April 13, 2020, the Government responded in opposition.

## II. LEGAL STANDARD

In evaluating whether a defendant should be released on bond, a district court must consider

the following factors: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . a controlled substance [or] firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person…; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Detention is improper, absent facts supporting a finding that no condition or combination of conditions will reasonably assure the appearance of the person by a preponderance of the evidence or the safety of the community by clear and convincing evidence. 18 U.S.C. § 3142 (e)–(f). A rebuttable presumption of detention arises when there is probable cause to support the finding that the defendant committed an offense punishable by more than ten years imprisonment, as prescribed in the Controlled Substances Act. *Id.* at § 3142(e)(3)(A).

### III. DISCUSSION

As the district judge assigned to try Defendant on the Indictment, having conducted a *de novo* review of the entire record, the Court finds no meritorious basis to reconsider detention. At the hearing on February 20, 2020, Magistrate Judge Krask properly made the following findings: (1) a rebuttable presumption of detention arises under 18 U.S.C. § 3142(e)(2) due to the nature of the charges against Defendant; (2) the Defendant presented evidence sufficient to rebut the presumption, but consideration of other factors warrant detention; and (3) the Government proved that no combination of conditions of release will reasonably assure Defendant's appearance by a preponderance of the evidence.

As a factual matter, the Court finds that there is probable cause to believe that Defendant was in possession of 1,042 grams of heroin and 1,032 grams of fentanyl, triggering the presumption of detention under 18 U.S.C. § 3142(e)(2). *See* ECF No. 12 at 3. Despite Defendant's

2

representations that he will reappear and is not a danger to the community, the Court finds that the penalties at stake in this case provide a strong incentive to flee. Additionally, defendant has substantial ties outside the of the country which, in combination with the weight of the evidence against him, further enhance that incentive.

The ongoing global pandemic does not alter the Court's conclusion that the Magistrate Judge's Order Denying Bond should be affirmed. As an initial matter, Defendant does not present any argument that his personal history or characteristics make him especially susceptible to COVID-19. *See* 18 U.S.C. § 3142(g)(3)(A) (allowing courts to consider a defendant's physical and mental condition in a detention proceeding). As such, Defendant's Supplemental Motion is merely a generalized argument on contagiousness of COVID-19, rather than a specific argument on a particularized danger he will face as a result of his ongoing detention. Moreover, Defendant's proposed third-party custodian lives in New York City, the worldwide epicenter of the COVID-19 outbreak. ECF No. 14 at ¶ 3(B)(a). In contrast, Defendant is currently detained in a facility without any reported cases. ECF No. 22 at 2. Therefore, Petitioner's Supplemental Motion does not provide any new basis for reconsideration of the Magistrate Judge's Order of Detention.

### IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that the Motion to Review the Magistrate Judge's Order of Detention and Supplemental Motion to Review the Magistrate Judge's Order of Detention are **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel for the Parties.

**IT IS SO ORDERED**.

Newport News, Virginia
April 21, 2020

United States District Judge